UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS R. LOWE, | ) | Case No.  5:04 CV 1536 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| STUART HUDSON, WARDEN, [1] | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Dennis R. Lowe is a prisoner in state custody who has filed an application *pro se* for habeas corpus relief under 28 U.S.C. §2254.  Lowe's goal is to overturn his state convictions for attempted aggravated murder and aggravated murder with firearm specifications.  Lowe plead not guilty to these charges and voluntarily waived his right to a jury trial.  Following a bench trial Lowe was found guilty as charged in the indictment.  The firearm specifications were merged for sentencing, and Lowe was sentenced to life in prison for the aggravated murder plus 10 years imprisonment for the attempted aggravated murder, and an additional three year mandatory term of imprisonment on the merged firearm specifications.  The sentences were ordered to be served consecutively, rather than concurrently, to each other.

Lowe has exhausted his state remedies.  He engaged in a direct appeal presenting several issues before the Ohio Supreme Court.  See *State v. Lowe*, 2003 WL 22956013, 2003 - Ohio - 6807 (Ohio App. 9 Dist.), appeal not allowed, 102 Ohio St.3d 1447, 808 N.E.2d. 398 (Table 2004).

---

[1] Stuart Hudson who is currently warden at Mansfield Correctional Institution is substituted pursuant to Fed. R. Civ. P. 25(d) (See Notice ECF #18).

5:04 CV 1536                                    2

Thereafter on February 11, 2004 Lowe filed an application to reopen his direct appeal pursuant to

Ohio App. R. P. 26(B) raising six additional issues.   By journal entry filed April 1, 2004 the state

appellate court denied the motion finding it lacked merit (Respondent's Ex. 14, Docket No. 13).

Lowe filed a *pro se* appeal to the Ohio Supreme Court which was dismissed as not involving any

substantial constitutional question.  See *State v. Lowe*, 102 Ohio St.3d 1485, 810 N.E.2d 968 (Table

2004).  At the time Lowe filed his federal habeas corpus petition,  his state remedies had  yet to be

exhausted.  However, they since have been and respondent expresses no objection to resolving this

case despite premature filing.

> **Ground One:**         Petitioner's right to due process of law was
>                         violated in being convicted in the absence of
>                         sufficient evidence.
>
> **Supporting Facts:**   The evidence adduced at trial failed to establish each
>                         essential element of the offenses by proof beyond a
>                         reasonable doubt.

Under his first ground, Lowe's arguments show that he has a mistaken belief that the federal

reviewing  court  sits  as  a  super-appellate  court.   Habeas  corpus  review  is  conducted  under

congressionally  circumscribed  rules  set  out  in  §2254(d)  which  allow  the  writ  to  be  granted  in

situations where the state court decision is "contrary to" or "an unreasonable application" of clearly

established federal law as set forth by  the Supreme Court of the United States or when there is an

unreasonable determination of the facts.

Lowe argues that the state court chose to believe the "prosecution's testimony" over his own.

(Traverse p. 11, Docket #15), and that the state court's decision fails to present "even an inkling of

5:04 CV 1536                                          3

evidence to establish the essential element of prior calculation and design, which is necessary to

support a conviction of aggravated murder and/or attempted aggravated murder." (Traverse p. 10).


Lowe challenges the state appellate court's factual findings. However, he has not sustained

these vague assertions by clear and convincing evidence as required under §§2254(d)(2) and (e)(1).

The state appellate court decision applied the correct standard for reviewing the sufficiency of the

evidence in the light most favorable to the prosecution in accordance with *Jackson v. Virginia*, 443

U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The state court decision did not specify that

it was applying *Jackson ,* but  a deferential standard of review applies which liberally states, "that

a state court need not even be aware of all precedents, 'so long as neither the reasoning nor the result

of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S.Ct. 7, 10,

157 L.Ed.2d 263 (2003), quoting *Early v. Packer*, 537 U.S. 3, 7-8, 123 S.Ct. 352, 154 L.Ed.2d 263

(2000) (*per curiam*). "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the

*correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict

or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853, 861, 122 L.Ed.2d 203 (1993). A

decision to convict is rational when guilt is established on review of all of the evidence in the light

most favorable to the prosecution. *Jackson*, 443 U.S. at 319. Under the sufficiency of the evidence

standard of review set forth in *Jackson*, if the judgment is not supported by "substantial and

competent evidence" based on the record as a whole then the judgment must be reversed.  *McKenzie*

*v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

5:04 CV 1536                                   4

The state appellate court decision addressed  the prior calculation and design requirement under Ohio Revised Code §2903.01(A), within its findings of fact.  As the convictions indicate, there were two victims, one survived the shooting( "Nelson"), and one unfortunately did not ("April"). The bare boned facts are that the surviving victim testified that April told him that Lowe owed her something and she was going to pick it up that night. Nelson further testified that once they arrived at Lowe's residence, April and Lowe had a discussion, which he overheard, over  Lowe's possession of some drugs that Lowe had stolen.  Lowe told  Nelson that they would all go to collect  the items he had stolen.  April and Nelson accepted Lowe's  offer to drive together in his pickup truck to retrieve the items. Instead, Lowe drove into the parking lot of Russell Products.  He exited the truck and walked around to the passenger side and proceeded to shoot Nelson and April with a gun he had concealed and firing it until it was empty. Lowe left his victims for dead. He had previously begun to make arrangements to assume a false identity.  See *State v. Lowe*, 2003 WL 22956013 at *2.


Lowe's argument basically boils down to his dissatisfaction with the state court's legal conclusion as lacking sufficiently explicit reasoning on prior calculation and design.  There clearly was a state court decision on this issue, and consequently this court is bound to accord it deference. See *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005).  Obviously based on the "substantial and competent evidence" presented at Lowe's trial and under the *Jackson* standard of review of the evidence in the light most favorable to the prosecution, there was sufficient evidence of prior calculation and design from Lowe's plan to lure his victims,

5:04 CV 1536                                      5

with the ruse of taking them to collect April's drugs, to a location where had could assassinate them with the firearm he had brought along.

Lowe has not demonstrated that the state court decision was contrary to *Jackson v. Virginia, supra, or* that its legal principles were applied in an objectively unreasonable manner to the facts. See *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 1174-75, 155 L.Ed.2d 144 (2003). [2]

| | |
|---|---|
| **Ground Two:** | Petitioner's right to due process and equal protection of law were violated by improper sentencing by the trial court. |
| **Supporting Facts:** | The trial court sentenced petitioner in open court and in the written entry to "life" which is not a proper statutoily [sic] authorized sentence. Further, the court sentenced petitioner to consecutive terms of incarceration without following statutorily mandated procedures to do so. Finally, [sic] the trial court's sentence is of no force or effect in the absence of a signed sentencing journal entry. |

Respondent correctly contends that this ground is procedurally defaulted. In his counseled direct appeal, Lowe's third ground was, "the trial court erred in imposing consecutive sentences without stating the reasons for so doing." See *State v. Lowe, supra* at *6.        On his *pro se* appeal to the Ohio Supreme Court, Lowe expanded this claim into two propositions of law:

3.      Did the trial court err in imposing sentence without stating its reasons for doing so.

---

[2] By way of his traverse, Lowe seeks to interject *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), for the proposition that his sentences were elevated above the statutory maximum in the absence of requisite fact finding (Traverse p. 2).  It is well established that bypassing the state courts leads directly to a procedural default on this ground and this is an adequate and independent procedural rule barring federal review.  See *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004).

5:04 CV 1536                                        6

    4.       Was the judgment of conviction entered by the trial court void for lack of subject matter jurisdiction as the document falsely purported to be an indictment was not returned by the grand jury and lacked the required signature of the grand jury foreman.  (See Exhibit 10, Docket No. 13).

Thereafter in appealing the denial of his motion to reopen appeal based on ineffective assistance of appellate counsel under Ohio R. App. P. 26(B), Lowe raised most of these claims as instances of ineffective assistance of appellate counsel.  (See Exhibit 15, Docket No. 13).  However, one claim was not raised as a matter of ineffective assistance of appellee counsel, and that was his first proposition law under this post-conviction remedy claiming "The judgment of conviction entered by the trial court is void for lack of subject matter jurisdiction as the document falsely purported by the Summit County prosecutor that the indictment was not returned by the grand jury and lacked required signature of the grand jury foreman."

Respondent contends that this ground has been procedurally defaulted:  first, because Lowe failed to present this claim to the state courts as a federal constitutional claim;  second, that the federal courts cannot review a state's alleged failure to adhere to state procedures (See Return, p. 13, 17, ECF #11).  Respondent's second argument is not appropriate here.  Respondent is confusing Lowe's prior arguments raised in the state courts with Lowe's current habeas argument, which has been dressed up as a matter of federal due process.  As such, respondent's first argument is correct – Lowe has not presented his dressed up due process claim to the state courts.

The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will the state courts have been

5:04 CV 1536                                      7

provided with a fair opportunity to pass upon and correct alleged violations of federal rights.  See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982);  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

"Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003), quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  Fair presentation of constitutional claims requires that the state courts are afforded "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Particularly important in this matter is that to be "fairly presented" the federal ground must also be presented under the same theory as  presented to the state court.  See *Caver*, 340 F.3d at 346; *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1939, 161 L.Ed. 779 (2005).  "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001).  Particularly *apropos* here is the rule from *Duncan v. Henry*:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state trial court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

5:04 CV 1536                                              8

*Id.*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). There had been no "fair presentation" of this ground as a federal constitutional due process and equal protection claim.


       With respect to Lowe's arguments in his application to reopen appeal, respondent argues that these arguments were presented "indirectly" as instances of appellate counsel's alleged ineffectiveness.  Lowe counters pointing out that his first assignment of error was not presented as an instance of appellate counsel's ineffectiveness, but as a direct challenge to the adequacy of ineffectiveness. Lowe's argument was nonetheless not "fairly presented" in state court. Ohio R. App. P. 26(B)(5) clearly reads: "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal," and the Ohio Supreme Court has limited applications to reopen to that precise basis.  See *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996); *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 1998 - Ohio - 704 (1998); *State v. Bryant-Bey*, 97 Ohio St.3d 87, 776 N.E.2d 480, 2002 - Ohio - 5450 (2002).  An application to reopen does not serve as a proper vehicle to carry any other claim other than ineffective assistance of appellate counsel.  (See Ex. 15).  Lowe cannot be said to have fairly presented his claims to the state's highest court when he had done so through a procedure which did not allow the state court to reach the merits of that claim. Further the state appellate court treated the first assignment of error as another allegation of ineffective assistance of appellate counsel.  (See Journal Entry, Ex. 14).


       Failure to fairly present the federal ground to the state's highest court constitutes a procedural default or waiver barring federal habeas corpus review. See *O'Sullivan v. Boerckel*, 526

5:04 CV 1536                                      9

U.S. 838, 845-48, 119 S.Ct. 1728, 1732-34, 144 L.Ed.2d 1 (1999)( "...the exhaustion doctrine is

designed to give the state courts a full and fair opportunity to resolve federal constitutional claims

before those claims are presented to the federal courts," but unpresented claims were waived);

*Teague v. Lane*, 489 U.S. 288, 297-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (14th amendment

equal protection claim forfeited following exhaustion of state remedies and failure to raise claim to

state courts); and  see  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115

L.Ed.2d 640 (1991).[3] The fair presentation principle further applies not only to those situations

where the petitioner has failed to raise his claim to the state's highest court for review, but also

where it has been presented, "in such a manner that the state court could not, consistent with its own

procedural rules, have entertained it."  *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587,

1592, 146 L.Ed.2d 518 (2000).


        This procedural default serves to protect the integrity of the federal exhaustion rule "by

avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction

without the state court's having had the opportunity to correct the constitutional violation in the first

instance."  *O'Sullivan*, 526 U.S. at 844, 119 S.Ct. at 1732; see also *Coleman v. Thompson*, 501 U.S.

722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-

53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay"

---

        [3] "[When] the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.  In such a case there is a procedural default for purposes of habeas corpus. . ."
*Coleman v. Thompson*, 501 U.S. at 735 n.1.

5:04 CV 1536                                        10

of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).

Not only is review barred by federal principle as expressed in *O'Sullivan, Teague* and *Edwards*, but it is also a state procedural bar and the failure to present the ground to the state's highest court provides an adequate and independent state procedural rule to bar habeas review.  See *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* - U.S. -, 126 S.Ct. 355, 163 L.Ed.2d 63 (2005).

Lowe  may overcome this bar by a  demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court, or alternatively by showing a fundamental miscarriage of justice .  See *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*,  -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971). Lowe has not shown "cause" to excuse this procedural default.

In situations where petitioner is unable to show "cause" to excuse a procedural default, the Supreme Court has recognized the escape hatch of  fundamental miscarriage of justice involving an individual who is actually innocent.

> In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S., at 324, 115

> S.Ct. 851, the Court has recognized a miscarriage-of-justice exception. " '[I]n
> appropriate cases,' " the Court has said, "the principles of comity and finality
> that inform the concepts of cause and prejudice 'must yield to the imperative
> of correcting a fundamentally unjust incarceration,'" *Carrier, supra*, at 495,
> 106 S.Ct. 2639 (quoting *Engle, supra*, at 135, 102 S.Ct. 1558).

*House v. Bell,* - U.S. -, 126 S.Ct. 2064, 2076, 165 L.Ed.2d 1 (2006).

Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Lowe has not, however, produced new evidence of innocence. See *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). To succeed, Lowe would have had to either present "new reliable evidence. . . that was not presented at trial" (*Id.*; *Schlup*, 513 U.S. at 324), or at some demonstration of a fundamentally unjust incarceration, and this would appear to certainly require more than a dispute over credibility (See *House*, at 2077). Lowe has not shown that his incarceration was fundamentally unjust to overcome his procedural default. Consequently the second ground was not "fairly presented" for review in the state courts, and accordingly, federal collateral review is barred.

|  |  |
|---|---|
| **Ground Three:** | Petitioner's right to due process was violated where the trial court lacked subject matter jurisdiction. |
| **Supporting Facts:** | Petitioner was subjected to trial, sentence and imprisonment in the absence of a valid charging instrument where the form designated "indictment" was not properly endorsed. |

Respondent argues again that this court cannot review the third ground due to Lowe's failure to "fairly present" this claim to the state courts and that it is not cognizable. Respondent is correct. The third ground is factually incorrect, not cognizable and procedurally defaulted. First, the state

5:04 CV 1536                                             12

appellate court noted in denying reopening based on the claims of ineffective assistance of appellate counsel, that both the indictment and the trial court's judgment entry of conviction and sentence were properly signed.  (Journal Entry, p. 2, Ex. 14).  Lowe has not carried his burden under §2254(e) to overcome this finding of fact with the presentation of clear and convincing evidence to the contrary. The fact that these papers were signed is borne out by Respondent's Exhibits 1 and 4. The fact that petitioner has in his possession  unsigned copies is not sufficient to controvert reality.


Second, respondent's statement that this ground is not cognizable is correct, but this is due to the fact that the Supreme Court has ruled that "the responsibilities of the federal grand jury foreman are essentially clerical in nature . . . Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."  *Hobby v. U.S.*, 468 U.S. 339, 344-45, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984).  The Ohio rules governing the duties of grand jury forepersons are essentially identical to those of the United States and clearly the failure of the Ohio grand jury foreperson to sign the indictment would not be error or constitutional dimension to be cognizable on federal collateral review.


Finally, this ground is also procedurally defaulted because the arguments were not "fairly presented" to the state courts and Lowe has not excused this default by demonstrating "cause" or "actual innocence."

5:04 CV 1536                                     13

**Ground Four:**          Petitioner was denied his right to due process of law
                          and a fair trial by the repeated introduction of "other
                          acts" evidence to establish an aggravated burglary
                          with which he was not charged.

**Supporting Facts:**     The entire trial in this case was pervaded with
                          testimony alleging Petitioner's participation and
                          culpability in an aggravated robbery offense for
                          which he was not charged, and which irretrievably
                          tainted the evidence and the fairness of the trial as to
                          the remaining offenses which were ostensibly on trial.

Respondent argues that this ground was not raised an "independent" claim but is again one of the instances of alleged ineffective assistance of appellate counsel.  In this ground  Lowe argues that the prosecution continually and repeatedly interjected questions, commentary and accusations of "other acts" evidence attempting to connect Lowe to a burglary offense and this had the effect of constructively amending the charges (Petitioner's Memorandum in Support, p. 5, Docket No. 10). Under Lowe's assignment of error number four in his Ohio R. App. P. 26(B) application he argued that appellate counsel was ineffective for failing to raise among other things a constructive amendment to the indictment.  (See Application, p. 4, Ex. 13).  Under this assignment Lowe also argued the prosecution had attempted to prove that he had been committed and was guilty of aggravated burglary.  Respondent is correct that a related claim of ineffective assistance of appellate counsel was presented to the state courts, but not this claim.  Consequently, there had been  no fair presentation and federal collateral review is barred.

**Ground five:**          Petitioner's right to due process of law was violated
                          by the failure of the fact-finder to find the requisite
                          elements of the firearm specifications.

5:04 CV 1536                                        14

      **Supporting Facts:**     Following the court's guilty verdict in the bench trial in this case, the court "found" that Petitioner "had a firearm and used it to facilitate the offenses", without finding the required elements of the firearm specification, i.e. possession, operability, etc.  The findings of the court were insufficient to satisfy due process requirements for the guilty verdict on the specifications.

The argument presented in the fifth ground was presented in the state courts as an instance of appellate counsel's alleged ineffectiveness in Lowe's fifth assignment of error.  (See Application, p. 6, Ex. 13).  As respondent argues, it was not presented as an "independent" claim on this issue to the state courts but as a related matter of ineffective assistance of appellate counsel. Consequently, there has been no "fair presentation" of this claim and federal collateral review is barred..

      **Ground six:**     Petitioner's right to the effective assistance of counsel was violated where counsel failed to make required objections at trial or to make the adversarial testing process work at trial.

      **Supporting Facts:**     Trial counsel failed to make use of prior inconsistent statements of the chief prosecution witness for impeachment purposes.  Even the trial court noted on record that he found the witness to be inconsistent, but trial counsel failed to make the required objections to the inadequate indictment, the improper sentence issues or the inclusion of other acts evidence.

In ground six and supporting facts the respondent again contends that this ground is procedurally defaulted because it was not presented as an independent claim but again is another

5:04 CV 1536                                            15

instance of appellate counsel's ineffectiveness.  (See Application, p. 7, Assignment of Error No. 6,

Ex. 13).  That is correct.  This ground was never "fairly presented" to the state court on the same

legal theory and consequently federal collateral review is barred.

> **Ground Seven:** Petitioner's right to the effective assistance of counsel on direct appeal was violated where appellate counsel failed to raise significant and obvious constitutional issues to the prejudice of the appeal.
>
> **Supporting Facts:** Appellant's counsel failed to present issues regarding the unendorsed indictment, the unsigned sentencing entry, the non-statutory sentence imposed, the other acts evidence, the lack of elements on the firearm specifications, and the ineffectiveness of trial counsel, all of which prejudiced the appeal and relegated these issues to cursory and much stricter standards of review.

Respondent concedes that Lowe has not procedurally defaulted on his seventh ground.  What

Lowe has attempted was to raise his arguments twice, once as instances of appellate counsel's

alleged ineffectiveness, and again as "direct" constitutional infringements of his rights to due

process,  equal protection and/or the Sixth Amendment right to effective assistance of counsel at

trial.

The initial direct appeal is a critical stage to which the right to effective counsel on appeal

attaches.  *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir. 1988); *Ross v. Moffit*, 417 U.S. 600, 94 S.Ct.

2437, 41 L.Ed.2d 341 (1974). "  *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 2454, 1471, 113

L.Ed.2d 517, 545 (1991); *Coleman v. Thompson*, 501 U.S. 722, 56-57, 111 S.Ct. 2546, 115 L.Ed.2d

640, 643 (1991); *Ritchie v. Eberhart*, 11 F.3d 587, 591 (6th Cir. 1993); *cert. denied* 510 U.S. 1135

(1994). Since *Douglas v. California*, 372 U.S. 353 (1963) there has been recognition of the constitutional requirement for counsel on an initial direct appeal and increasing demand for competence on the criminal appeal. See *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)( holding that effective assistance of appellate counsel following a criminal conviction is a right guaranteed by the due process clause of the Fourteenth Amendment). Nominal representation on appeal is now clearly impermissible. *Id.*, at 396.

While effective assistance of counsel on appeal does not require raising every nonfrivolous argument on appeal, counsel is required to exercise reasonable professional judgment. See *Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). Clearly established federal law presumes that the result of the proceeding on appeal was reliable and requires a habeas petitioner claiming ineffective assistance of appellate counsel to prove the presumption incorrect." *Smith v. Robbins*, 528 U.S. 259, 286-87, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000). "Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua*, at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Borrowing the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Lowe must demonstrate first, that appellate counsel's failures constituted deficient, hence objectively unreasonable, performance; and second, that the deficient performance prejudiced the appeal. *Smith v. Robbins*, 528 U.S. at 285-86; *Smith v. Murray*, 477 U.S. 527, 535-36, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); and see *Strickland*, 466 U.S. at 687-91.

5:04 CV 1536                                        17

To assist in this determination, a series of eleven questions has been devised to ascertain whether counsel's performance was objectively unreasonable.[4]

    The state court decision essentially mirrored the requirements from *Jones v. Barnes, supra* and *Joshua v. DeWitt, supra.* that appellate counsel is required to winnow out less meritorious claims.  Other than this broad-sweeping generality, the state court did find that Lowe was simply incorrect when he claimed that the indictment was unendorsed and the sentencing entry was unsigned.  Consequently he was not prejudiced due to appellate counsel's failure to raise these issues.

    Secondly, with respect to arguments on the sentencing, Lowe next argues that appellate counsel was ineffective for not challenging his incorrect sentence and that there was a "constructive" amendment to the indictment during trial for which he was not given fair notice.  (See Assignments of Error Nos. 3 and 4, Application to Reopen Appeal, Ex. 13).  As journalized, Lowe was sentenced

---

[4] Those questions are as follows:

    (1) Were the omitted issues "significant and obvious"?
    (2) Was there arguably contrary authority on the omitted issues?
    (3) Were the omitted issues clearly stronger than those presented?
    (4) Were the omitted issues objected to at trial?
    (5) Were the trial court's rulings subject to deference on appeal?
    (6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
    (7) What was appellate counsel's level of experience and expertise?
    (8) Did the petitioner and appellate counsel meet and go over possible issues?
    (9) Is there evidence that counsel reviewed all the facts?
    (10) Were the omitted issues dealt with in other assignments of error?
    (11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Whiting v. Burt*, 395 F.3d 607, 616 (6th Cir. 2005); quoting *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999); *cert. denied*, 528 U.S. 946 (1999).

5:04 CV 1536                                          18

"for LIFE IMPRISONMENT for punishment of the crime of AGGRAVATED MURDER, Ohio
Revised Code Section 2903.01(A)."  (Entry, Ex. 4).  This was on "the charge of AGGRAVATED
MURDER as contained in Count One (1) of the Indictment A WITH FIREARM SPECIFICATION
TO COUNT 1."  *Id.*  He was sentenced separately to three years on the firearm specification.  Lowe
argued to the state appellate court that the trial court merely imposed a sentence of life imprisonment
and never stated that he would be required to serve a minimum of 15 years, 20 years or in
accordance with legal requirements under Ohio Rev. Code 2929.03.  He argued, "A general sentence
of life imprisonment without stating any time for statutory minimum does not comport with the
statutory requirements governing the range of possible sentences to be imposed for conviction of
aggravated murder per R.C. 2929.03 and R.C. 2929.14."  He further objected to what he deemed to
be a constructive amendment of the indictment due to the prosecution's continual references to
aggravated burglary throughout the bench trial.  To begin, the undersigned will not delve into
§ 2929.14 because this amount while explained by Lowe appears to be an effort to resurrect his
unsuccessful prior argument under §2929.14(E)(4) that consecutive sentencing was improper for the
attempting aggravated murder and aggravated murder charges was imposed improperly. Obviously
defense counsel had raised this argument.


However §2929.03(A)(1) required that, "Except as provided in division (A)(2) of this
section, the trial court shall impose a sentence of life imprisonment with parole eligibility after
serving 20 years of imprisonment on the offender."  There were two exceptions.  The first under
§2929.03(A) was when the indictment or count in the indictment contained one or more
specifications of aggravating circumstances listed under §2929.04(A).  The second was under

5:04 CV 1536                                      19

subpart (A)(2) was when the offender was convicted of or pled guilty to a sexual motivation specification and sexually violent predator specification.  The second exception does not apply here. However the first exception relates to §2929.04 which includes the aggravating circumstance of committing the offense while engaging in aggravated robbery.  See §2929.04(A)(7).  The indictment contained no such specification.  Further there was no finding by the state trial court that such aggravating circumstance existed.  Based on the indictment and record the mandatory sentence was for parole eligibility after serving 20 years.  Even the State presumed that the 20-year eligibility term was present when it argued, "on December 20, 2002 the trial court imposed a sentence of life imprisonment with no possibility of parole for twenty (20) years for the crime of aggravated burglary with an additional three (3) years on the gun specification."  (See Brief of Appellee, p. 2, Ex. 6).


          Further §2953.08(D) did not doom this argument.  Previously when ruling against the argument of improper consecutive sentencing, the state appellate court ruled that it could not review this issue on the last sentence under  §2953.08(D) which reads:

> (D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.  *A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section.  (emphasis supplied).*

(See *State v. Lowe*, 2003 WL 22956013 at *6).

5:04 CV 1536                                    20

Despite the second sentence in the foregoing statutory provision, state appellate decisions near the time of Lowe's appeal construed the provision strictly and found that circumstances existed which were not encompassed by this prohibition against appellate review.  See *State v. Broe*, 2003 WL 21360454, 2003 - Ohio - 3054 (Ohio App. 1 Dist.); *State v. Hancock*, 2003 WL 1689612 (2003 - Ohio - 1616 (Ohio App. 12 Dist.).

This exception to the general right to appeal a sentence, was justified on the basis that the penalties for aggravated murder and murder were mandatory.  See *State v. Broe, supra* at \*16; *State v. Terrell*, 2003 WL 21360278, 2003 - Ohio - 3044 (Ohio App. 1ˢᵗ Dist.); *State v. Lowery*, 60 Ohio App.3d 138, 152, 826 N.E.2d 340, 351, 2005 - Ohio - 118 (2005).   Accepting the foregoing rationale, the court in *State v. Steel* found that the statutory prohibition did not prevent it from hearing the appeal:

> By its terms, however, R.C. 2953.08 is not the exclusive basis for appealing a sentence.  See R.C. 2953.08(A) (specifically stating that its provisions are 'in addition to any other right to appeal').  Thus, an appeal of a murder sentence may still be based on traditional grounds for appeal independent of those set forth in R.C. 2953.08.  *Griffin* and *Katz, supra*, at T. 9, 14, pp. 651-652.  A contention that a sentence is 'contrary to law' or 'an abuse of discretion' has always been a basis for appeal under Ohio law, see *e.g., State v. Carroll* (1995).  104 Ohio App.3d 372, and, as such, it is a traditional ground for appeal independent of those set forth in R.C. 2953.08.

*Id.*, 2001 WL 721806 at \*7 (Ohio App. 10 Dist.).  See also *State v. Broe*, 2003 WL 21360454 at \*16; *State v. Terrell*, 2003 WL 21360278 at \*7 (acknowledging that appeal on the imposition of consecutive sentences on multiple murder charges might still exist based on traditional grounds).

5:04 CV 1536                                        21

Lowe's sentence was clearly contrary to law and an abuse of discretion.  The record shows that obvious error in the sentencing entry and state courts have been open to allow corrective appeal based on traditional grounds such as being contrary to law.  Further there is obvious prejudice because Lowe is now sentenced to life, and there is no provision for eligibility for parole after 20 years as mandated by state law.  Accordingly, that part of the state court decision denying Lowe's claims of ineffective assistance of appellate counsel, was in this instance objectively unreasonable in failing to acknowledge clear sentencing error confronting it.

Lowe's arguments concerning the conviction and sentence on the firearm specification does not show an unreasonable state decision.  He focuses on the lack of a specific finding of "guilt" with respect to the final conviction and failure to make a specific finding on the firearms operability.  The evidence of the firearms operability is irrefutable (both victims suffered multiple gunshot wounds) and the journal entry to which Lowe objects, does find him guilty of aggravated murder with firearm specification and guilty of attempted aggravated murder with firearm specification.  Lowe relies on the decision in *State v. Tyson*, 19 Ohio App.3d 90, 94 (1984), that there should have been a conviction separate and apart from the underlying criminal offense.  However unlike the failure to include the eligibility of parole, as illustrated by the *Tyson* case itself, the remedy is a mere remand for resentencing.  Presuming that Lowe's arguments are correct, he would not benefit in any way from an appeal on this argument.

Next with respect to the alleged deficiencies of trial counsel, Lowe's only exhibit starting at page 269 of the transcript shows that defense counsel did in fact seek to impeach Nelson's

5:04 CV 1536                                          22

testimony with prior inconsistent statements.  Lowe's argument that counsel should somehow obtain some form of protective order against Nelson's testimony is based on a misunderstanding of trial procedure.  Consequently, defense counsel's performance was not deficient and there was no foundation to base a reasonable appeal.  (See Application, Ex. 13).

### CONCLUSION AND RECOMMENDATION

Following review of the arguments raised in the petition and applicable law, Dennis R. Lowe has not demonstrated that he was in custody pursuant to state court judgments that resulted from decisions that were contrary to or involved in an unreasonable application of federal law as determined by the Supreme Court of the United States, or is the result of a decision based on unreasonable interpretation of the facts in light of the evidence in this state court proceeding except in one instance.  See 28 U.S.C. §2254(d)(1) and (2).  Finally, there has been no demonstrated need for an evidentiary hearing.  It is therefore recommended that Mr. Lowe's petition for habeas corpus relief under 28 U.S.C. §2254 be granted only for the limited extent of remanding the matter to the state trial court for resentencing to graft in the mandatory language under Ohio Rev. Code §2929.03(A)(1) of "a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment" on Lowe's sentence for aggravated murder.  The petition should be denied in all other respects.



                              s/James S. Gallas
                          United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

5:04 CV 1536                                       23

time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: August 6, 2007