# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS LOWE,** | ) | **CASE NO.  5:04CV1536** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUART HUDSON, Warden,**[1] | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

On August 2, 2004, Petitioner filed a pro se Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  (Dkt. # 1).  Petitioner challenges the constitutionality of his state court criminal conviction, alleging seven grounds for federal habeas relief.  This matter was automatically referred to Magistrate Judge James S. Gallas on August 25, 2004, for preparation of a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636 and LR 72.1.  (Dkt. # 4).  On August 6, 2007, Magistrate Judge Gallas filed an R&R recommending that Petitioner's application for a Writ of Habeas Corpus be granted in part and denied in part.  (Dkt. # 23).  The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary.  See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e).

---

[1]     Pursuant to FED. R. CIV. P. 25(d), Stuart Hudson, as current Warden at Mansfield Correctional Institution, has been substituted as Respondent for Margaret Bradshaw.

1

The Court has reviewed Magistrate Gallas' R&R *de novo*, and has considered the objections of both parties. For the reasons set forth below, Petitioner's application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED**.

## I. PROCEDURAL BACKGROUND

Petitioner is a prisoner in state custody pursuant to a conviction following a bench trial in the Court of Common Pleas, Summit County, Ohio, for one count of Aggravated Murder (Ohio Rev. Code § 2903.01(A)) and one count of Attempted Aggravated Murder (Ohio Rev. Code §§ 2903.01(A), 2923.02). (Dkt. # 13, Ex. 4). A firearm specification was attached to each count. (Dkt. # 13, Ex. 4). Petitioner was sentenced to life imprisonment for the Aggravated Murder count, ten years imprisonment for the Attempted Aggravated Murder Count, and three years imprisonment for the firearm specifications, which were merged for purposes of sentencing. (Dkt. # 13, Ex. 4). The sentencing court ordered that Petitioner's sentences be served consecutively. (Dkt. # 13, Ex. 4).

On direct appeal to the Ninth Appellate District Court of Appeals for Summit County, Ohio, Petitioner, represented by new counsel, asserted the following three assignments of error by the Court of Common Pleas:

1. There was insufficient evidence as a matter of law of prior calculation and design to sustain the convictions for aggravated murder and attempted aggravated murder.
2. Appellant's convictions were against the manifest weight of the evidence.
3. The trial court erred in imposing consecutive sentences without stating its

2

reasons for so doing.

(Dkt. # 13, Ex. 5).  The Court of Appeals affirmed Petitioner's conviction and overruled

each of Petitioner's three assignments of error.  (Dkt. # 13, Ex. 9).

Petitioner then appealed pro se to the Supreme Court of Ohio, asserting the

following four propositions of law:

1.  Was there insufficient evidence as a matter of law of prior calculation and
    design to sustain the convictions for aggravated murder and attempted
    aggravated murder.
2.  Were Appellant's convictions against the manifest weight of the evidence.
3.  Did the trial court err in imposing sentence without stating its reasons for doing
    so.
4.  Was the judgment of conviction entered by the trial court void for lack of
    subject matter jurisdiction as the document falsely purported to be an
    indictment was not returned by the grand jury and lacked the required signature
    of the grand jury foreman.

(Dkt. # 13, Ex. 10).  The Supreme Court of Ohio denied Petitioner leave to appeal and

dismissed the appeal as not involving any substantial constitutional question.  (Dkt. # 13,

Ex. 12).

While that decision was pending in the Supreme Court of Ohio, Petitioner filed an

application to reopen his direct appeal in the Ninth Appellate District Court of Appeals

for Summit County, Ohio, pursuant to Ohio App. R. 26(B), based on a claim of

ineffective assistance of appellate counsel.  (Dkt. # 13, Ex. 13).  Petitioner raised the

following six claims in his Rule 26(B) application:

1.  The judgment of conviction entered by the trial court is void for lack of subject
    matter jurisdiction as the document falsely purported by the Summit County
    Prosecutor to be an indictment was not returned by the grand jury and lacked
    the required signature of the grand jury foreman.

3

2. Appellate counsel was ineffective for failing to raise on appeal the unsigned journal entry of judgment of conviction and sentence entered by the trial court which is without legal force for lack of jurisdiction by the trial court which also divests the court of appeals of appellate jurisdiction for lack of a valid journal entry setting forth the judgment of conviction and sentence.

3. Appellate counsel was ineffective for failing to raise on appeal the trial court failure to impose a proper statutory sentence as to appellant's conviction for aggravated murder in violation of R.C. 2903.01(A).

4. Appellate counsel was ineffective for failing to raise on appeal, Appellant's unlawful trial and conviction for aggravated murder and attempted aggravated murder under R.C. 2903.01(A) and R.C. 2923.02 by means of a "constructive" amendment to the indictment made during trial when Appellant was not indicted and given fair notice that he was to be charged and tried for aggravated murder under R.C. 2903.01(B) and R.C. 2923.02.

5. Appellate counsel was ineffective for failure to raise on appeal trial counsel ineffectiveness for not objecting to the trial court failure to address and respond to the two firearm specifications separately and apart from the underlying felony offenses and imposing the two, three year term of actual incarceration prior to and consecutive with the sentences imposed on the underlying felony offenses.

6. Appellate counsel was ineffective for failure to raise on appeal trial counsel ineffective assistance during trial for failing to make proper objections and for not moving to impeach the testimony of chief state witness Nelson Perry based on several prior written statements which are inconsistent and contradictory to his trial testimony.

(Dkt. # 13, Ex. 13).  The Ninth District Court of Appeals denied Petitioner's Rule 26(B) application, finding that Petitioner "failed to raise a genuine issue of ineffective assistance of appellate counsel" under Strickland v. Washington, 466 U.S. 668 (1984).  (Dkt. # 13, Ex. 14).

Petitioner, acting pro se, then appealed to the Supreme Court of Ohio.  (Dkt. # 13, Ex. 15).  Petitioner raised the same six propositions of law on appeal as those put forth in his Rule 26(B) application.  (Dkt. # 13, Ex. 15).  The Supreme Court of Ohio dismissed Petitioner's appeal as not involving any substantial constitutional question.  (Dkt. # 13,

4

Ex. 17).

Petitioner then filed his Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this Court on August 2, 2004.  (Dkt. # 1).  Petitioner filed a Memorandum in Support of his Petition on October 8, 2004.  (Dkt. # 10).  Respondent filed a Return of Writ on November 5, 2004.  (Dkt. # 11).  Petitioner filed a Traverse on November 22, 2004.  (Dkt. # 15).  Magistrate Judge Gallas issued a R&R on August 6, 2007.  (Dkt. # 23).  Respondent and Petitioner have each filed objections to the R&R. (Dkt. # 25, 26).

## II.   STANDARDS OF REVIEW

### A.   Merits Review

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which allows a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner with respect to any claim that was adjudicated on the merits in state court under two limited circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2) if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1-2).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

5

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Lorraine v. Coyle, 291 F.3d 416, 421-22 (6th Cir. 2003). A state court decision constitutes an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407-08; Lorraine, 291 F.3d at 422. The decision of a state court is not unreasonable simply because the federal court concludes that it is erroneous or incorrect. Williams, 529 U.S. at 411; Lorraine, 291 F.3d at 422. Rather, the federal court must determine whether the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

The pleadings of *pro se* petitioners are held to less stringent standards than lawyers and are liberally construed. Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004).

**B.    Procedural Default Review**

A petitioner must exhaust state remedies before a federal court may review a petition for habeas relief. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied if the highest state court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The Supreme Court has noted that "it is not sufficient merely that the federal habeas applicant has been through the state courts." Picard, 404 U.S. at 275-76. Rather, "the substance of a federal

6

habeas corpus claim must first be presented to the state courts." Id. at 278.  Thus, the

Supreme Court has required that, for a habeas petitioner to have exhausted his state

remedies, he must "present the state courts with the same claim he urges upon the federal

courts." Id. at 276.

The Sixth Circuit applies a four-part test, known as the Maupin factors, to

determine whether a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is
> applicable to the petitioner's claim and that the petitioner failed to comply with
> the rule;  (2) the court must determine whether the state courts actually
> enforced the state procedural sanction; (3) it must be decided whether the state
> procedural forfeiture is an adequate and independent state ground upon which
> the state can rely to foreclose review of a federal constitutional claim; and (4)
> if the court has determined that a state procedural rule was not complied with
> and that the rule was an adequate and independent state ground, then the
> petitioner is required to demonstrate that there was cause for him not to follow
> the procedural rule and that he was actually prejudiced by the alleged
> constitutional error.

Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith, 785 F.2d

135, 138 (6th Cir. 1986)).  "[A habeas] petitioner's failure to raise his claims in Ohio

courts is an adequate and independent state law ground for upholding the petitioner's

conviction and sentence." Buell, 274 F.3d at 349; Mapes v. Coyle, 171 F.3d 408, 413 (6th

Cir. 1999).  Thus, a petitioner's failure to exhaust his state court remedies for a particular

claim results in a procedural default of that claim for purposes of federal habeas relief.

A federal court may reach a procedurally defaulted claim if the petitioner

demonstrates cause and prejudice or shows that not considering the claim will result in a

miscarriage of justice.  Hargrave-Thomas v. Yukins, 374 F.3d 383, 387 (6th Cir. 2004);

7

see also Coleman, 501 U.S. at 750; Bonilla, 370 F.3d at 497.  To establish cause, a petitioner must show that "some objective factor external to the defense" prevented his compliance with the state procedural rule.  Bonilla, 370 F.3d at 498 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  To show the potential for a miscarriage of justice, a petitioner must show that a constitutional violation probably resulted in the conviction of one who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 327 (1995).  To do so, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Id.

## III.  LAW AND ANALYSIS

**A.  Ground One:** *Petitioner's right to due process of law was violated in being convicted in the absence of sufficient evidence.*

In his first ground for federal habeas relief, Petitioner challenges the sufficiency of the evidence upon which his convictions for aggravated murder and attempted aggravated murder were based.  In particular, Petitioner claims that the evidence against him at trial failed to prove the element of "prior calculation and design" beyond a reasonable doubt, as required under Ohio Rev. Code §§ 2903.01(A) and 2923.02.

Petitioner raised this challenge to the sufficiency of the evidence on direct appeal to the Ninth Appellate District Court of Appeals for Summit County, and again on appeal to the Supreme Court of Ohio.  (Dkt. # 13, Ex. 5, 10).  Thus, Petitioner has exhausted his state remedies with regard to his challenge to the sufficiency of the evidence, and the

claim has not been procedurally defaulted.  See Rust, 17 F.3d at 160.

A state prisoner's challenge to the sufficiency of the evidence upon which his state conviction is based is cognizable in a federal habeas corpus proceeding.  Jackson v. Virginia, 443 U.S. 307 (1979).  The Supreme Court has held that a petitioner making such a claim "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Id. at 324.  This inquiry does not require the federal habeas court to substitute its own judgment for that of the trier of fact.  Instead, the task of the habeas court is to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 318-19.

A review of the record in the light most favorable to the prosecution leads this Court to conclude that a rational trier of fact could readily have found Petitioner guilty beyond a reasonable doubt of aggravated murder and attempted aggravated murder. Notwithstanding Petitioner's claims that there was "not even an inkling of evidence" of prior calculation and design, (Dkt. # 15 at 11), the surviving witness in the case, Nelson Perry ("Perry"), testified that he overheard a conversation between Petitioner and the deceased victim, April Brown ("Brown"), concerning a drug debt owed by Petitioner to Brown.  (Trial Tr. at 241-44).  He further testified that Petitioner drove Perry and Brown to a parking lot, purportedly to collect some items Petitioner had stolen from a house, and that once all three were out of Petitioner's truck, Petitioner, without discussion, shot Perry

9

in the face and then shot Brown several times.  (Trial Tr. a 245-53).  Based upon this evidence, a rational trier of fact could have drawn an inference of prior calculation and design sufficient to support Petitioner's convictions for aggravated murder and attempted aggravated murder.

The Court of Appeals' analysis of Petitioner's sufficiency of the evidence claim was not contrary to nor an unreasonable application of clearly established federal law. Though it did not cite the Supreme Court's ruling in Jackson, the Court of Appeals' decision was consistent with the principles of Jackson.  The Court addressed Petitioner's sufficiency of the evidence claim together with his claim that his convictions were against the manifest weight of the evidence, noting that "[a]n evaluation of the weight of the evidence is dispositive of both issues."  (Dkt. # 13, Ex. 9 at ¶ 4).  The Court reviewed the evidence, drawing all inferences in favor of the prosecution, and determined that Petitioner's convictions were supported by the weight of the evidence.  (Dkt. # 13, Ex. 9 at ¶¶ 25-26).  Such a finding necessarily incorporates the Jackson inquiry and implies a finding that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Therefore, Petitioner's first ground for federal habeas relief is denied.  The decision of the Court of Appeals regarding Petitioner's sufficiency of the evidence claim was neither contrary to nor an unreasonable application of federal law.  Petitioner's objections to the Magistrate's R&R with respect to Ground One are overruled.

### B.  Ground Two: *Petitioner's rights to due process and equal protection of law*

*were violated by improper sentencing by the trial court.*

In his second ground for habeas relief, Petitioner claims that the trial court violated his constitutional rights to due process and equal protection of law in imposing its sentence.  Petitioner sets forth three assignments of error by the trial court in support of this claim.  First, Petitioner contends that the sentence of life imprisonment entered by the trial court against Petitioner for aggravated murder is illegal because such a sentence is not permitted by Ohio Rev. Code 2929.03.  (Dkt. # 1; Dkt. # 10 at 2).  Next, Petitioner argues that the trial court violated his due process rights by imposing consecutive terms of imprisonment without stating its reasons for doing so.  (Dkt. # 1; Dkt. # 10 at 2).  Finally, Petitioner claims that the trial court's sentence is invalid because the sentencing judge failed to sign the sentencing journal entry.  (Dkt. # 1; Dkt. # 10 at 3).

Respondent argues that Petitioner's second ground for relief has been procedurally defaulted because his claims were not presented to the Ohio courts as constitutional claims.  Additionally, Respondent argues that the claims in Ground Two are not cognizable in federal habeas relief, as federal courts may not review a state's failure to adhere to its own sentencing procedures.  (Dkt. # 11 at 17)(citing Wilcox v. Littlefield, 1995 U.S. App. LEXIS 4727, *5 (6th Cir. 1995)).

Until Petitioner filed his federal habeas petition, he made no mention to the state courts of a violation of his constitutional rights to due process and equal protection resulting from the sentencing issues that are the focus of Ground Two.  In fact, prior to his federal habeas petition, Petitioner raised the improper life sentence and the unsigned

11

sentencing journal entry only as grounds for a claim of ineffective assistance of appellate counsel in his Rule 26(B) application.  (Dkt. # 13, Ex. 13).  Similarly, Petitioner's state court challenge to the trial court's imposition of consecutive sentences without stating its reasons was based on Ohio statutory law, without discussion of Petitioner's constitutional rights.  (Dkt. # 13, Ex. 5, Ex. 10).  Petitioner again raised the consecutive sentencing issue in his Rule 26(B) application, but only as part of a claim of ineffective assistance of appellate counsel.  (Dkt. # 13, Ex. 13).  Petitioner has thus failed to preserve the issue for federal habeas review.  Richter v. Jeffreys, 2007 WL 2572250 *16-17 (N.D. Ohio 2007).

Additionally, Ground Two of the instant petition fails to state a claim for which federal habeas relief is available.  "[F]ederal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991) (internal quotations omitted).  In Ground Two, Petitioner challenges the state trial court's application of state law in sentencing him for the crime of aggravated murder.  Such a claim is not cognizable in federal habeas review.  Howard v. White, 76 Fed.Appx. 52, 53 (6th Cir. 2003). Petitioner's attempt in the instant petition to couch his claim as a violation of his constitutional right to due process does not change its substance.  Estelle, 502 U.S. at 67; Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).  Thus, even absent Petitioner's failure to present the claim in state court, a federal habeas court could not review the claim presented in Ground Two.

Therefore, Petitioner's second ground for relief is denied.  Petitioner's objections to the Magistrate's R&R with respect to Ground Two are overruled.

12

### C.  Ground Three: *Petitioner's right to due process was violated where the trial court lacked subject matter jurisdiction.*

In his third ground for habeas relief, Petitioner challenges the validity of the indictment by which he was charged with aggravated murder and attempted aggravated murder.  Specifically, Petitioner argues that the indictment was not properly signed by the Grand Jury foreman.  Respondent argues that this claim is both procedurally defaulted and not cognizable in federal habeas relief, as there is no federal constitutional right to an indictment.

Petitioner first challenged the validity of the state court indictment on direct appeal to the Supreme Court, though he did not raise the issue in the Court of Appeals.[2] Petitioner also raised the issue in his Rule 26(B) application and again on appeal to the Supreme Court.  On none of these occasions did Petitioner allege a constitutional violation.  His claims centered on the argument that all of the state court proceedings, including his trial and sentencing, were void for lack of subject matter jurisdiction.  "The claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination."  Picard, 92 U.S. at 276.  As such, Petitioner has failed to "present the state courts with the same claim he urges upon the federal

_____

[2]    Petitioner notes in his objections to the Magistrate Judge's R&R that he attempted to challenge the validity of the indictment on direct appeal to the Court of Appeals in a pro se supplemental brief.  (Dkt. # 13, Ex. 7).  The Court of Appeals denied Petitioner's motion to file the brief instanter, finding that he was represented by counsel and had already filed a brief.  (Dkt. # 13, Ex. 8).  In any event, the claim raised in Petitioner's supplemental brief was not a constitutional one, and thus does not save Petitioner from procedural default on Ground Three.

13

courts."  Id.

Aside from Petitioner's claim being barred by procedural default, a challenge to the sufficiency of a state court indictment is cognizable in federal habeas proceedings only when the indictment was so deficient as to deprive a defendant of notice as to the offense for which he is to be tried.  Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986).  "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."  Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002).  Without question, the state indictment charging Petitioner with aggravated murder and attempted aggravated murder provided Petitioner with notice of the charges against him.  Thus, his challenge to the indictment is not cognizable in federal habeas corpus proceedings.

Finally, the Court notes that Petitioner's third ground is factually unsubstantiated. In its denial of Petitioner's Rule 26(B) application, the Court of Appeals "point[ed] out that both appellant's indictment and the trial court's judgment entry of conviction and sentence were properly signed."  (Dkt. # 13, Ex. 14 at 2).  This Court's review of the record shows the same to be true.

Because the claim advanced by Petitioner in Ground Three of his petition for federal habeas corpus relief was not presented to the state courts, is not cognizable in federal habeas corpus proceedings, and is unsupported by the record, that claim is denied. Petitioner's objections to the Magistrate's R&R with respect to Ground Three are overruled.

**D.  Ground Four:** ***Petitioner was denied his right to due process of law and a***

> *fair trial by the repeated introduction of "other acts"*
>
> *evidence to establish an aggravated burglary with which he*
>
> *was not charged.*

Petitioner's fourth ground for federal habeas relief alleges a due process violation arising from the introduction of other acts evidence during Petitioner's trial for aggravated murder and attempted aggravated murder.  Specifically, Petitioner argues that the state prosecutor constructively amended the indictment to include burglary as the aggravating factor for the homicide, thereby avoiding the necessity of proving prior calculation and design.[3]  Respondent argues that this claim is not cognizable in federal habeas corpus proceedings and is procedurally defaulted.  (Dkt. # 11 at 14, 19-20).

Petitioner first raised the issue of a constructive amendment to the indictment as grounds for an ineffective assistance of counsel claim in his Rule 26(B) application before the state Court of Appeals.  (Dkt. # 13, Ex. 13).  It was not until Petitioner filed the instant federal habeas corpus petition that the issue was raised on its own as a constitutional claim.  As such, Petitioner's constructive amendment claim has not been preserved for federal habeas review.  <u>Richter</u>, 2007 WL 2572250 at *16-17.  Having

---

[3] Petitioner seems to argue that, by introducing evidence of a burglary, the state changed the aggravated murder charge from one under Ohio R.C. § 2903.01(A) to one under § 2901.03(B).  (Dkt. # 10 at 5).  The latter does not have prior calculation and design as an essential element.  In his Objections to the Magistrate's R&R, however, Petitioner states that his "claim indicated that prosecutor used 'Other Acts' Evidence to try to prove prior calculation and design that is an essential element of aggravated murder under 2903.01(A)."  (Dkt. # 26 at 3).

failed to present to the state courts the constitutional claim alleged in Ground Four of his federal habeas petition, Petitioner may not now seek federal habeas relief based on that claim in this Court.

Therefore, Petitioner's fourth ground for relief is denied.  Petitioner's objections to the Magistrate's R&R with respect to Ground Four are overruled.

**E.  Ground Five:** *Petitioner's right to due process of law was violated by the failure of the fact-finder to find the requisite elements of the firearm specifications.*

In his fifth ground for federal habeas relief, Petitioner claims that the trial court violated his due process rights in its application of the firearms specifications attached to the charges of aggravated murder and attempted aggravated murder.  Petitioner alleges that the trial court failed to find each of the required elements of the specification under Ohio R.C. § 2941.145.  Respondent contends that this claim is procedurally defaulted.

The claim alleged in Ground Five was never presented to the state courts as an independent constitutional claim.  Petitioner first raised the issue of the firearms specifications only indirectly in relation to a claim of ineffective assistance of appellate counsel in his Rule 26(B) application.  (Dkt. # 13, Ex. 13).  As the Court has noted, this does not preserve the underlying claim for habeas review.  Richter, 2007 WL 2572250 at *16-17.  Petitioner's claim in Ground Five is, therefore, procedurally defaulted.

16

Even absent his procedural default, Petitioner fails to present a claim for which federal habeas relief may be granted.  As in Ground Two, Petitioner challenges the state trial court's application of state law.  Such a claim is not cognizable on federal habeas review, despite Petitioner's attempt to couch his claim as a violation of his constitutional right to due process.  Estelle, 502 U.S. at 67; Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

Petitioner's fifth ground for relief is therefore denied.  Petitioner's objections to the Magistrate's R&R with respect to Ground Five are overruled.

**F.  Ground Six:** *Petitioner's right to the effective assistance of counsel was violated where counsel failed to make required objections at trial or to make the adversarial testing process work at trial.*

In Ground Six of his petition for federal habeas relief, Petitioner asserts that his trial counsel was ineffective for failing "to make the required objections and proper impeachment of the [chief prosecution] witness, or to raise proper objections to the inadequate indictment, the improper sentence issue or the inclusion of other acts evidence."  (Dkt. # 1 at 6-A).  Respondent again argues that Petitioner's claim is procedurally defaulted because it was not presented to the state courts.

At no point in the state court proceedings did Petitioner raise a claim of ineffective assistance of trial counsel.  The only mentions of such a claim were in Petitioner's Rule 26(B) application, in which Petitioner raised two claims of ineffective assistance of *appellate* counsel for failure to raise issues of ineffectiveness of trial counsel.  (Dkt. # 13,

17

Ex. 13 at 6-8).  A claim of ineffectiveness of *appellate* counsel is not a "fair presentation"
to the state courts of a claim of ineffectiveness of *trial* counsel.  Petitioner's ineffective
assistance of trial counsel claim, therefore, has not been preserved for review by this
Court in habeas corpus proceedings.  <u>Richter</u>, 2007 WL 2572250 at *16-17.

Petitioner's sixth ground for relief is therefore denied.  Petitioner's objections to
the Magistrate's R&R with respect to Ground Six are overruled.

### G.  Ground Seven: *Petitioner's right to the effective assistance of counsel on direct appeal was violated where appellate counsel failed to raise significant and obvious constitutional issues to the prejudice of the appeal.*

In Ground Seven of his habeas petition, Petitioner raises a claim of ineffective
assistance of appellate counsel.  Specifically, Petitioner argues that appellate counsel
"failed to present issues regarding the unendorsed indictment, the unsigned sentencing
entry, the non-statutory sentence imposed, the other acts evidence, the lack of elements on
the firearm specifications, and the ineffectiveness of trial counsel, all of which prejudiced
the appeal and relagated [sic] these issues to cursory and must [sic] stricter standards of
review."  (Dkt. # 1 at 6-B).  Respondent concedes that this claim has been preserved for
habeas review, but argues that the claim is without merit.

Petitioner first raised the instant claims of ineffective assistance of appellate
counsel in his Rule 26(B) application.  (Dkt. # 13, Ex. 13).  There, Petitioner raised five
separate ineffective assistance claims, each based on a single alleged deficiency in

18

appellate counsel's performance.  In his federal habeas petition, Petitioner has consolidated all of those grounds into a single claim for ineffective assistance of appellate counsel.  The Court notes, however, that Petitioner did not include appellate counsel's failure to challenge the unendorsed indictment as a ground for ineffective assistance of appellate counsel prior to his inclusion of that ground in his federal habeas petition.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), devised a two-part inquiry for claims of ineffective assistance of counsel.  Under the Strickland test, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 688-94.  Thus, Petitioner must demonstrate both deficient performance and prejudice in order to succeed on his claim.  Id. at 686.  Claims of ineffective assistance of appellate counsel are governed by the Strickland analysis.  Haliym v. Mitchell, 492 F.3d 680, 694 (6th Cir. 2007).

In evaluating the ineffective assistance of appellate counsel claims set forth in Petitioner's Rule 26(B) application, the Court of Appeals applied the two-part Strickland inquiry.  As Strickland is the correct legal principle, the decision of the Court of Appeals was not contrary to clearly established federal law.  On review of Petitioner's claims, this Court will determine if the Court of Appeals unreasonably applied Strickland to the facts of Petitioner's case.

*1. Ineffective assistance of appellate counsel for failing to present the issue of the*

19

*unendorsed indictment.*

As the Court noted above, this ground for a claim of ineffective assistance of appellate counsel was not raised at any point in the state court proceedings.  Petitioner's Rule 26(B) application raised the unsigned indictment as an independent claim, unrelated to his ineffective assistance claims.  (Dkt. # 13, Ex. 13 at 1-2).  As a result, Petitioner's claim of ineffective assistance of appellate counsel based upon counsel's failure to raise the unsigned indictment on appeal has not been preserved for habeas review by this Court.

Even if Petitioner had preserved this claim, however, it is without merit.  As the Court of Appeals found on review of Petitioner's Rule 26(B) application, and as this Court noted above, the indictment charging Petitioner with aggravated murder and attempted aggravated murder was properly signed by the jury foreperson.  Under a Strickland analysis, then, Petitioner can make no showing of deficient performance or actual prejudice from counsel's failure to raise an issue that was not supported by the record.  The Court of Appeals' decision, therefore, was not an unreasonable application of Strickland.

*2.  Ineffective assistance of appellate counsel for failing to present the issue of the unsigned sentencing entry.*

By raising this claim in his Rule 26(B) application, Petitioner has properly preserved it for habeas corpus review in this Court.  Nonetheless, the claim is without merit.

20

In its denial of Petitioner's Rule 26(B) application, the Court of Appeals found that the trial court's judgment entry of conviction and sentence was properly signed.  (Dkt. # 13, Ex. 14 at 2).  This Court's review of the record yields the same conclusion.  See (Dkt. # 13, Ex. 4).  Under Strickland, then, appellate counsel cannot be deemed ineffective for failing to raise a meritless issue.  The Court of Appeals' decision, therefore, was not an unreasonable application of Strickland.

*3.  Ineffective assistance of appellate counsel for failing to raise the non-statutory sentence imposed.*

Petitioner raised this claim in his Rule 26(B) application and has properly preserved it for habeas review.  Nonetheless, the claim is without merit.

At the time of Petitioner's sentencing for Aggravated Murder, Ohio Rev. Code § 2929.03(A)(1) provided that upon conviction of a defendant for Aggravated Murder, "[e]xcept as provided in division (A)(2) of this section, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender."  Ohio Rev. Code § 2929.03(A)(1), *amended by* Ohio Rev. Code § 2929.03(A)(1) (2004).[4]  As the Section (A)(2) exceptions do not apply to

---

[4]         Section 2929.03(A)(1) was amended in 2004.  That section now provides:

(1) Except as provided in division (A)(2) of this section, the trial court shall impose one of the following sentences on the offender:
> (a) Life imprisonment without parole;
> (b) Life imprisonment with parole eligibility after serving twenty years of imprisonment;
> (c) Life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;
> (d) Life imprisonment with parole eligibility after serving thirty full

21

Petitioner's conviction, Petitioner is eligible for parole after serving twenty years of imprisonment.

In its journal entry, the trial court entered a sentence of, *inter alia*, "LIFE IMPRISONMENT for punishment of the crime of AGGRAVATED MURDER."  (Dkt. # 13, Ex. 4).  The entry makes no mention of parole.  In the absence of any indication by the trial court as to Petitioner's parole eligibility, the sentencing statute controls.  Under Ohio Rev. Code § 2929.03(A)(1), in effect at the time of Petitioner's sentencing, the proper sentence for aggravated murder, absent any statutory exceptions, was life imprisonment with the possibility of parole after serving twenty years imprisonment.  The sentence entered by the trial court was not contrary to such a sentence, though it did not expressly include the parole eligibility provision.  Nevertheless, the statutory parole provision remains effective and applicable to Petitioner's sentence.

In Ground Seven, Petitioner does not directly challenge his sentence, however.  Rather, Petitioner raises the sentencing issue as grounds for a claim of ineffective assistance of appellate counsel.  That claim fails, as Petitioner has failed to show that the Court of Appeals' denial of his Rule 26(B) application was an unreasonable application of the Strickland analysis.

Specifically, Petitioner has failed to show prejudice resulting from his appellate counsel's failure to challenge the sentence imposed by the trial court.  As the Court

_____

years of imprisonment.

explained above, the sentence imposed was not contrary to the statutorily authorized sentence for aggravated murder.  Petitioner remains eligible for parole after serving twenty years imprisonment.  The Court further notes that the records of the Ohio Department of Rehabilitation and Correction correctly list Petitioner's sentence as twenty years to life imprisonment.  (Dkt. # 25, Ex. A).  Thus, Petitioner is currently serving the statutorily authorized sentence for aggravated murder.  A challenge to the sentence on appeal would have yielded no different result.

*4.  Ineffective assistance of appellate counsel for failing to argue on appeal that the trial court erred in admitting other acts evidence against Petitioner.*

Petitioner raised this claim in his Rule 26(B) application and has properly preserved it for habeas review.  Nonetheless, the claim is without merit.

It is well-established that "[a]n effective appellate counsel does not need to raise every non-frivolous claim."  Wilson v. Hurley, 108 Fed.Appx. 375, 379 (6th Cir. 2004). "Th[e] process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  Smith v. Murray, 477 U.S. 527, 536 (1986)(internal quotations omitted).

Petitioner asserts that his appellate counsel was ineffective for failing to challenge the trial court's admission of evidence regarding an uncharged burglary.  According to Petitioner, the admission of such evidence constituted a constructive amendment to the indictment.  The Court of Appeals denied Petitioner's ineffective assistance claim on this

23

ground in its denial of his Rule 26(B) application.  In that Court's judgment, Petitioner

failed to show that appellate counsel was deficient for failing to challenge the admission

of certain evidence by the trial court, or to show that the outcome of Petitioner's trial

would have been different had certain evidence not been admitted.  In his petition for

federal habeas corpus relief, Petitioner has failed to show that the decision of the Court of

Appeals was an unreasonable application of Strickland.

 *5.  Ineffective assistance of counsel for failing to challenge the trial court's failure*
*to find all of the essential elements of the firearms specifications.*

 Petitioner raised this claim in his Rule 26(B) application and has properly

preserved it for habeas review.  Nonetheless, the claim is without merit.

 Petitioner claims that the trial court failed to find the essential elements of the

firearms specifications for which he was sentenced to an additional three years

imprisonment.  This claim is simply not supported by the record.  This Court's review of

the transcript from Petitioner's trial shows that the trial court specifically found each

element of the firearms specifications and, accordingly, found Petitioner guilty of the

firearms specifications.  (Trial Tr. at 730-31).

 Under the Strickland analysis, appellate counsel cannot be deemed ineffective for

failing to raise a meritless issue on appeal.  Counsel's performance in such a case is

neither deficient nor prejudicial.  The decision of the Court of Appeals denying

Petitioner's ineffective assistance claim, therefore, was not an unreasonable application of

Strickland.

*6.  Ineffective assistance of counsel for failing to raise the ineffectiveness of trial counsel on appeal.*

Petitioner raised this claim in his Rule 26(B) application and has properly preserved it for habeas review.  Nonetheless, the claim is without merit.

Petitioner claims that his appellate counsel was ineffective for failing to raise on appeal a claim of ineffectiveness of trial counsel based upon the grounds asserted by Petitioner in Ground Six of the instant habeas petition.  The Court of Appeals specifically addressed this claim in its denial of Petitioner's Rule 26(B) application, noting that in Ohio, a licensed attorney is presumed competent and that the burden is on Petitioner to show ineffectiveness.  (Dkt. # 13, Ex. 14 at 2).  In that Court's judgment, Petitioner failed to show, under Strickland, that appellate counsel was ineffective for failing to challenge the effectiveness of trial counsel.

Petitioner bases his argument for the ineffectiveness of trial counsel largely on the ground that counsel failed to impeach the State's chief witness, Nelson Perry, at trial.  (Dkt. # 1 at 6-A).  The trial transcript, however, clearly demonstrates that counsel attempted to impeach the witness on cross-examination.  (Trial Tr. at 268-98).  Petitioner's additional grounds for ineffective assistance of trial counsel include counsel's failure to object to the unsigned indictment, the improper sentence, and the admission of other acts evidence.  (Dkt. # 1 at 6-A).  The Court has already addressed and disposed of each of these claims.  Thus, Petitioner is left with no valid ground to support a claim of ineffective assistance of trial counsel.  Accordingly, Petitioner cannot base a claim of

ineffective assistance of appellate counsel on a failure to challenge the effectiveness of trial counsel.

Petitioner has failed to demonstrate on federal habeas corpus review that the Court of Appeals unreasonably applied Strickland in its denial of his Rule 26(B) application. Therefore, Petitioner's claim in Ground Seven of ineffective assistance of appellate counsel is denied.  Petitioner has made no objections to the Magistrate's R&R with respect to Ground Seven.  Respondent's objections with respect to Ground Seven are sustained.

### H.  Procedurally Defaulted Grounds

Because the constitutional claims advanced by Petitioner in Grounds Two, Three, Four, Five, Six, and a portion of Seven of his petition for federal habeas corpus relief were not presented to the state courts, this court may not hear those claims on federal habeas review "unless [Petitioner] can show cause to excuse his failure to present the claims in state court and actual prejudice to his defense at trial or on appeal."  Rust, 17 F.3d at 160.  Petitioner has made no showing of cause or prejudice, nor any potential miscarriage of justice which would excuse his default on Grounds Two, Three, Four, Five, and Six, and allow the Court to reach the merits of his claims.

### IV.  CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART the Magistrate Judge's

R&R.  (Dkt. # 23).  Petitioner's objections to the R&R are OVERRULED.  Respondent's objections to the R&R are SUSTAINED.

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.  Furthermore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – October 19, 2007**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**